IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LEE AARON GEORGE, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:11-CV-120 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant, Lee Aaron George, a federal prisoner, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the motion be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Movant filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court finds the objections lacking in merit.

As to the voluntariness of the plea, movant first testified at the evidentiary hearing that Mr. Hamm did, in fact, read the plea agreement after movant made the decision along with his family to sign the agreement knowing he was facing the potential of a life sentence. Movant later testified, however, that Mr. Hamm only spent six to seven minutes going over the agreement with him and then did not go over it completely. Even discounting these inconsistencies in movant's testimony, the record reveals that after two recesses, movant informed this Court he was ready to enter his plea and that both this Court and the AUSA reviewed the charges and the plea agreement with movant on the record. As stated by the Magistrate Judge:

> Movant was advised of the mandatory minimum penalty of 10 years, without the enhancements, and the maximum possible penalty of life, a fine not to

> exceed $4 million, a term of supervised release of not less than five years and not more than life, and a mandatory special assessment of $100 due and payable before sentencing. With respect to the 11(C)(1)(c) agreement, the record reveals that movant affirmed the parties had gone over the agreement and that the parties stipulated that movant had one prior felony drug conviction which would allow for a mandatory minimum sentence of 20 years. Movant affirmed that his plea was voluntary and that no one had forced, threatened or coerced him in any way to enter the plea. Finally, movant affirmed that his decision to plead guilty and to enter the plea agreement was based on discussion he had with his attorney, that he specifically reviewed the plea agreement with Mr. Hamm, that he read the plea agreement personally, and he understood the terms of the plea agreement. Movant also affirmed that he understood the plea agreement before he signed it. Finally, after the AUSA reviewed the terms of the plea agreement on the record, movant stated affirmatively that he understood he was waiving all his rights to appeal the conviction and sentence on all grounds, also including any post-conviction proceedings such as a writ of habeas corpus, except for a claim that the punishment imposed was in excess of the statutory maximum, a claim of ineffective assistance of counsel that affects the validity of the waiver of the plea and any challenge to the general jurisdiction of the court.

Reviewing courts give great weight to the defendant's statements at the plea colloquy. *See Blackledge v. Allison*, 431 U.S. 63, 73, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (stating that solemn declarations in open court carry a strong presumption of veracity); *see also United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2001); *United States v. Martinez-Molina*, 64 F.3d 719 (1st Cir. 1995) (crediting district court's determination, made during the plea colloquy, that the defendant had not been pressured, rather than the defendant's later self-serving statements); *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (placing great weight on defendant's statements during plea colloquy). A plea is not involuntary solely because a defendant pleads guilty out of a desire to limit the possible penalty. *Jones v. Estelle*, 584 F.2d 687, 689-90 (5th Cir. 1978) (citing *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) ("That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where defendant was represented by competent counsel whose advice was that the plea would be to defendant's advantage.")). Based on the foregoing, the Court finds counsel was not ineffective in communicating the plea offer to movant and movant's plea was voluntary. As a result, movant's other claims of ineffective assistance of counsel that pertained to

actions prior to the entry of the plea agreement are barred by the waiver.[1]

As to movant's claim that Mr. Fong was ineffective for failing to file a notice of appeal, the Magistrate Judge found that movant failed to show by a preponderance of the evidence that movant actually made the initial request to counsel to file an appeal. In his objections, movant references a letter he sent to Mr. Fong in February of 2010 that was allegedly notice to him that he wanted to file an appeal. The letter states the following:

> I would just like to inform you of a motion that I had previously filed before you were retained as my attorney. Which was motion to the clerk to forward to the (5th Cir.), for Abuse of Discretion by the Courts on Oct. 19 and Oct. 20. Which I mailed on Nov. 2, 2009. Just so you would not be suddenly suprised [sic]. If you had not already been informed by the courts.
>
> I also would like to thank you for your diligence and effectual assistance that you've shown thus far. I'm so grateful to have you as my attorney, which I know it's truly full assurance [sic] for Great Comfort.
>
> May God Bless You and Your's!

Exhibit E. First, there is no reference in this letter to an actual notice of appeal and the Court is hard-pressed to find this letter, which was mailed before sentencing, sufficient to give actual notice that movant wanted to file an appeal after sentencing in April of 2010. Even assuming Mr. Fong had obtained a copy of the actual Notice of Appeal movant filed prematurely on November 5, 2009, after he entered into his plea agreement (which movant references in his letter to Mr. Fong as an "Abuse of Discretion by the Courts"), again, the Court cannot find that this was sufficient notice to Mr. Fong that movant would want to later appeal even after sentencing in April of 2010. In fact, there is no correspondence from movant to Mr. Fong that every explicitly mentions a request to file a notice of appeal or an inquiry into the status of an appeal. The Magistrate Judge did not err in determining movant failed to meet his burden in establishing with a preponderance of the evidence that movant made a request to Mr. Fong to file a notice of appeal after his sentencing in April of

---

[1] As to movant's claim that Mr. Hamm's performance somehow prejudiced him because he missed out on the more favorable 15 year plea offer, the Court notes that this claim is not presently before the Court. Regardless, the record clearly reflects that movant refused to even consider the offer when Mr. Hamm went to the jail to convey the offer to him. *Missourri v. Frye* requires that counsel convey the offer before it expires and movant conceded to as much at the evidentiary hearing. 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012).

2010.[2]

As to movant's claim that Mr. Fong failed to consult post sentencing to determine movant's intent to appeal, the Court must determine counsel's failure to consult with the defendant itself constitutes deficient performance. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). "Consult" in this context means that counsel advised the defendant about the advantages and disadvantages of an appeal and made a reasonable effort to discover the defendant's wishes. *Id*. That said, failure of counsel to consult his client about appellate rights does not, in and of itself, establish ineffective assistance of counsel. According to the Supreme Court, the following test applies to determine whether counsel has a constitutionally imposed duty to consult with a defendant about a potential appeal: whether there is a reason for counsel to think either (1) "that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)" or (2) "that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480. In making this determination, the Court looks at the totality of the circumstances regarding the information counsel knew or should have known. *Id*. "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id*. In addition, even if counsel violates the duty to consult about an appeal, a defendant must still demonstrate prejudice, i.e., "had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal." *Id*. at 486.

The Court has already determined that movant, in the present case, failed to reasonably demonstrate to Mr. Fong he was interested in appealing. Furthermore, on the present record, the

---

[2]The Court also notes that the testimony of movant's aunt, Delores Davis, was not sufficient to find by a preponderance of the evidence that she asked Mr. Fong to file an appeal. She merely testified that it was her belief that Mr. Fong was supposed to help her nephew with "a new case" and in her opinion that meant an appeal.

Court also finds that no rational defendant in movant's position would have wanted to appeal. Given the potential for a life sentence if he stood trial, and possibly automatic life if the Government had not agreed to drop one of the enhancements, a 20 year sentence, while lengthy, presented a far better alternative to spending life in prison. Furthermore, all of movant's issues he claims he would have argued on appeal appear to be frivolous.

First, as to movant's claims of ineffective assistance of counsel, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding these types of claims. When an ineffective assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose. *See Massaro v. United States*, 538 U.S. 500, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003). Given these obstacles, it is unlikely a rational defendant would pursue such claims on direct appeal.[3] As to movant's claim that this Court abused its discretion in denying him a continuance and the opportunity to retain counsel after eleven separate trial settings and three prior appointments of counsel, it is also likely that no rational defendant would pursue this claim either. This Court found that there was no conflict sufficient to warrant a continuance given movant appeared to simply disagree with Mr. Hamm's strategy and tactics. The Sixth Amendment does not guarantee a defendant the absolute right to the counsel of his choice. *See United States v. Loving*, 254 F.3d 71, 2001 WL 502803 (5th Cir. 2001) (not designated for publication). Furthermore, granting the motion for continuance on the morning of pre-trial, after eleven prior trial settings, would have resulted in further significant delays given Mr.

---

[3]At the evidentiary hearing, the Government provided a computer copy of a letter Mr. Hamm found in his file that he believed was sent to movant documenting the problems he was having in making contact with movant's witnesses in order to obtain further discovery. In addition, the Government provided a computer copy of another letter Mr. Hamm found in his file that memorialized the Government's offer of 15 years and Mr. Hamm's belief that this was a good offer given the notice of enhancement of prior convictions that could not be challenged and would ultimately expose movant automatically to a life term. In addition, with respect to the motions movant wanted Mr. Hamm to file, Mr. Hamm testified that he did not have a complete memory of the case. He stated, however, that he always reviews the discovery he has and if there is a valid basis to file a motion to suppress, he will always pursue that avenue but obviously found no basis to do so in this case. As to movant's claim that Mr. Hamm should have filed a motion stating that the federal district court lacked jurisdiction, Mr. Hamm testified that it would have been a frivolous motion as there was no foundation in the law to support such an argument. Finally, Mr. Hamm testified that with respect to requesting a detention hearing, he would never have recommended that strategy as movant would not have received credit for his federal time if he was on a state parole.

Fong's statement that he would need at least two weeks to prepare. The Fifth Circuit has found under similar circumstances that a trial court did not abuse its discretion in denying a motion to withdraw along with a motion for continuance under similar circumstances. *Id*. at *4. Finally, to the extent movant argues he would have appealed Mr. Fong's failure to obtain a downward departure, the Court notes that the Government retains sole discretion over its decision whether or not to make a § 5K1.1 motion and a defendant cannot challenge the government's refusal to seek a downward departure unless the refusal as based on an unconstitutional motive. *See United States v. Solis*, 169 F.3d 224, 226-227 (5th Cir. 1999); *see also United States v. Washington*, 53 F.3d 1282, 1995 WL 295975 (5th Cir. 1995) (not designated for publication). Movant has made no such argument that the refusal of the Government to seek a downward departure was based on an unconstitutional motive.

Based on the foregoing, the Court rejects movant's claim that Mr. Fong performed deficiently in not pursuing an appeal on his behalf. Because movant must satisfy both prongs of the *Strickland test*, his failure to establish deficient performance makes it unnecessary to examine the prejudice prong. Movant is not entitled to the relief that he seeks.

ORDER

Accordingly, the objections of petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the court is of the opinion movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v.*

*Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, movant has not shown that the issue would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED** this the **18** day of **March, 2014.**

_____
Thad Heartfield
United States District Judge